UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 20-42052

KEEGAN LEE MALLOCH, *pro se*,                                   Chapter 7

        Debtor.                                         Judge Thomas J. Tucker
_____/

KEEGAN LEE MALLOCH, *pro se*,

        Plaintiff,

  v.                                                          Adv. Pro. No. 20-4124

NEWMARK HOMES OF MICHIGAN, INC.,
*et al.*,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING

On February 13, 2020, the Plaintiff/Debtor filed a voluntary petition for relief under Chapter 7, commencing Case No. 20-42052. On February 19, 2020, the Plaintiff filed this adversary proceeding against three Defendants,[1] seeking damages in the amount of $18,500.00 based on a "work agreement" entered into pre-petition on December 8, 2019.[2]

The Court concludes that this adversary proceeding must be dismissed, for the following reasons.

The claim that the Plaintiff is asserting in this adversary proceeding arose before the Plaintiff filed his pending Chapter 7 bankruptcy case. As a result, the claim is property of the

---

[1] The Defendants are Newmark Homes of Michigan, Inc.; Alessandro Palazzolo; and Timo Nicholauo.

[2] *See* Docket # 1 at 2.

bankruptcy estate in the Chapter 7 case.

The Court also notes that on the Debtor's Schedule A/B, the Debtor listed the claim that is the subject of this adversary proceeding. Under Item No. 30 of Schedule A/B, in answering whether there are "[o]ther amounts someone owes you," the Debtor checked the box for "Yes" and stated: "Payment for work completed New Mark Homes $17,500.00 ($18,500)."[3] Also, under Item No. 33 of Schedule A/B, in answering whether the Debtor has "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment," the Debtor checked the box for "Yes" and stated: "Adversary Case # 20-42052 TJT ($17,500.00) $18,500."[4] To date, the Plaintiff/Debtor has not claimed any exemption in the claim, or in any claim he has against any of the three Defendants.[5]

As matters currently stand, only the Chapter 7 Trustee may prosecute the claim, and the filing of this claim by the Plaintiff, and any continued prosecution of this claim by the Plaintiff, is a violation of the automatic stay, under 11 U.S.C. § 362(a)(3).[6] *See Michigan First Credit Union v. Smith* (*In re Smith*), 501 B.R. 325, 326 (Bankr. E.D. Mich. 2013); *In re Stinson*, 221 B.R. 726, 730-31 (Bankr. E.D. Mich. 1998). Unless and until the Chapter 7 Trustee abandons this claim under 11 U.S.C. § 554, only the Chapter 7 Trustee has standing and authority to pursue the claim. *See, e.g., Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012); *Ukrainian Future*

---

[3] Schedule A/B (Docket # 17 in Case No. 20-42052) at 7.

[4] *Id.* at 8.

[5] *See* Schedule C (Docket # 17 in Case No. 20-42052) at pdf. pp. 13-14.

[6] Section 362(a) creates an automatic stay of, among other things, "any act . . . to exercise control over property of the estate."

2

*Credit Union v. Garak* (*In re Garak*) 569 B.R. 684, 685 (Bankr. E.D. Mich. 2017); *Smith*, 501 B.R. at 326; *Stinson*, 221 B.R. at 729, 731 & n.3.

Accordingly,

IT IS ORDERED that this adversary proceeding is dismissed.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of the Chapter 7 Trustee to file and prosecute the claim asserted in this adversary proceeding, and without prejudice to the right of the Debtor/Plaintiff to file and prosecute such claim in an appropriate non-bankruptcy court, if, after, and to the extent that the claim is no longer property of the bankruptcy estate in the Debtor's bankruptcy case.

**Signed on March 17, 2020**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge